1

2

3

4

5

6

7          **UNITED STATES DISTRICT COURT**

8          **SOUTHERN DISTRICT OF CALIFORNIA**

9

10   THOMAS WAYNE VELARDE,                    CASE NO. 12-CV-2983-IEG (BLM)

                                              **ORDER:**
11                              Plaintiff,

12      vs.                                   **(1) GRANTING MOTION TO
                                              PROCEED** *IN FORMA PAUPERIS*
                                              **[DOC. NO. 3]**
13

                                              **AND**
14   HEARTLAND CHRISTIAN
     HOMESCHOOL CENTER, INC.; LYNDA           **(2) DISMISSING COMPLAINT
15   J. HANSEN; TRICIA STENSRUT; TWILA        [DOC NO. 1]**
     LEFTON,
16
                                Defendants.
17

18

19          Thomas Wayne Velarde ("Plaintiff"), proceeding *pro se*, filed a civil rights action pursuant

20   to 42 U.S.C. § 1983 on December 14, 2012.  [Doc. No. 1, Compl.]  He filed his Complaint against

21   Heartland Christian Homeschool Center Inc. ("Heartland Christian"); Lynda J. Hansen, principal

     of Heartland Christian; Tricia Stensrut (Lefton), School Administrator (Records) at Heartland
22
     Christian; and Twila Lefton, Student Director at Heartland Christian (collectively "Defendants").
23
     [Id. at 1-5.]  Plaintiff alleges that Defendants violated his freedom of religion and freedom of
24
     association.  [Id. at 3-6.]  Within these claims, Defendant also alleges that his right to medical care,
25
     access to courts, due process, freedom of speech, and freedom from cruel and unusual punishment
26
     have been violated.  [Id.]
27
     / / /
28

                                          - 1 -

1    Although Plaintiff has paid the $350 civil filing fee required to commence this action, he

2    has also filed a motion to proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  [Doc.

3    No. 3, <u>Mot. for Leave to Proceed IFP</u> ("<u>IFP Mot.</u>")].  For the following reasons, the Court

4    **GRANTS** Plaintiff's motion for leave to proceed IFP and **DISMISSES** his complaint.

5    **I.      Motion to Proceed IFP**

6            Plaintiff has filed a motion to proceed IFP, but has already paid the civil filing fee.  [Doc.

7    No. 1.]  However, his motion to proceed IFP includes a handwritten note that reads:  "P.S. For

8    other court fees minus the cost of the filing fee."  [Doc. No. 3, <u>IFP Mot.</u> at 3.]  The note also

9    includes the initials "T.V.," which are Plaintiff's initials.  [<u>Id.</u>]  Therefore, the Court construes his

10   motion for IFP as an effort to obtain court-ordered U.S. Marshal service.  <u>See</u> Fed. R. Civ. P.

11   4(c)(3); 28 U.S.C. § 1915(d).

12           Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court

13   may order that service be made by a United States marshal or deputy marshal or by a person

14   specially appointed by the court."  Fed. R. Civ. P. 4(c)(3).  In addition, when a plaintiff is granted

15   leave to proceed IFP, the United States Marshal, upon order of the court, is authorized to serve the

16   summons and complaint on the plaintiff's behalf.  <u>See</u> 28 U.S.C. § 1915(d); <u>Walker v. Sumner</u>, 14

17   F.3d 1415, 1422 (9th Cir. 1993) (overruled on other grounds); <u>Boudette v. Barnette</u>, 923 F.2d 754,

18   757 (9th Cir. 1991).  A request to proceed IFP need not be filed at any particular time, but may be

19   initiated at any stage of a proceeding.  <u>See</u> <u>Stehouwer v. Hennessey</u>, 841 F. Supp. 316, 321 (N.D.

20   Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), <u>aff'd in</u>

21   <u>pertinent part sub. nom</u>, <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995).

22           The Court finds that Plaintiff's motion for leave to proceed IFP is sufficient to show that he

23   is financially unable to execute personal service of the summons and complaint.  Accordingly, and

24   in order to aid in the timely administration of justice in this matter, he will now be permitted to

25   proceed IFP pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

26   / / /

27   / / /

28   / / /

1   **II.      Sua Sponte Review**

2        Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a

3   mandatory and *sua sponte* review and dismissal by the Court, if it finds the complaint is

4   "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking

5   monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Calhoun

6   v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

7   limited to prisoners.").

8        "Dismissal is proper when the complaint does not make out a cognizable legal theory or

9   does not allege sufficient facts to support a cognizable legal theory." Cervantes v. Countrywide

10  Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).  In order to properly state a claim for

11  relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

12  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint

13  must contain more than a "labels and conclusions" or a "formulaic recitation of the elements of a

14  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

15  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

16  must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of]

17  a legally cognizable right of action." Id.

18       Although *pro se* complaints enjoy "the benefit of any doubt," Hebbe v. Pliler, 627 F.3d

19  338, 342 (9th Cir. 2010), Rule 8 still "demands more than an unadorned, the-defendant-

20  unlawfully-

21  harmed-me accusation."  Iqbal, 556 U.S. at 678.  The rule of liberal construction "applies only to a

22  plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

23  interpretation of a civil rights complaint may not supply essential elements of the claim that were

24  not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)

25  (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

26       Plaintiff brings his claims of violations of his freedoms of religion and association under 42

27  U.S.C. § 1983.  [Doc. No. 1, Compl.]  Section 1983 provides a cause of action against persons

28  acting under color of state law who have violated rights guaranteed by the Constitution.  See

1   Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  In order to sustain a § 1983 action,

2   a plaintiff must show:  "(1) a violation of rights protected by the Constitution or created by federal

3   statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."

4   Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

5       A defendant has acted under color of state law where he has "exercised power 'possessed

6   by virtue of state law and made possible only because the wrongdoer is clothed with the authority

7   of state law.'"  West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S.

8   299, 326 (1941)).  "The state-action element[1] in § 1983 'excludes from its reach merely private

9   conduct, no matter how discriminatory or wrongful.'"  Caviness v. Horizon Cmty. Learning Ctr.,

10  Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40,

11  50 (1999) (internal quotation marks omitted)).  Where a private party conspires with state officials

12  to deprive others of constitutional rights, however, the private party is acting under color of state

13  law.  See Tower v. Glover, 467 U.S. 914, 920 (1984).

14      The Ninth Circuit has explained that "[s]tate action may be found if, though only if, there is

15  such a close nexus between the State and the challenged action that seemingly private behavior

16  may be fairly treated as that of the State itself."  Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d

17  950, 955 (9th Cir. 2008) (en banc) (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic

18  Ass'n, 531 U.S. 288, 295 (2001)).  Further, the Ninth Circuit has recognized that it is important to

19  identify the challenged action "because an entity may be a State actor for some purposes but not

20  for others."  Caviness, 590 F.3d at 812-13 (internal quotation omitted).

21      There is no one fact that is "a necessary condition across the board for finding state action;

22  nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason

23  against attributing activity to the government."  Brentwood Acad., 531 U.S. at 295.  The following

24  are situations in which the Supreme Court has found state action:  when the challenged activity

25  results from the State's exercise of coercive power; when the State provides significant

26  encouragement, either overt or covert; when a private actor operates as a willful participant in joint

27

28      [1] "In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment."  Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting United States v. Price, 383 U.S. 787, 794 n.7 (1966)).

activity with the State or its agents; when a nominally private entity is controlled by an agency of the State; when the challenged activity has been delegated a public function by the State; when the challenged activity is entwined with governmental policies; and when the government is entwined in the challenged activity's management or control. Id. at 296. In the specific context of private schools, the Supreme Court has held that a school's receipt of public funds does not, by itself, make the school's actions acts of the State. Rendell-Baker, 457 U.S. at 840. Furthermore, where a private school's actions are not compelled or influenced by state regulation, they are likely not acts of the State. See id. at 841-42.

Plaintiff in his complaint describes Heartland Christian as "[a] private business operating as a [sic] educational institutional [sic] for children grades [kindergarten]-12." [Doc. No. 1, Compl. at 4.] Therefore, the Court finds that Defendants Heartland Christian and its employees are private parties. However, Plaintiff does not allege how Defendants were acting under color of state law. Although there is a section under each Defendant listed in the Complaint[2] that prompts Plaintiff to explain how each acted under color of law, Plaintiff fails to do so. Rather, Plaintiff simply summarizes the alleged wrongful actions that each Defendant took. [Id. at 1-2.]

Because the allegations in Plaintiff's complaint are insufficient to raise a reasonable inference that Defendants acted under color of law, the Court finds that he fails to state a claim for relief under § 1983. Accordingly, the Court **DISMISSES** his complaint without prejudice.

## CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP. However, as currently pleaded, even affording Plaintiff's complaint the special consideration given to *pro se* claimants, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is

---

[2] Plaintiff's Complaint is typed onto a template for § 1983 complaints. The template prompts Plaintiff to answer specific questions related to his claims. [Doc. No. 1, Compl.]

cautioned that his First Amended Complaint must be complete in itself, without relying on references to the original Complaint.  Plaintiff is further cautioned that any defendant not named or claim not re-alleged will be considered waived.  See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996).  Plaintiff is also cautioned that if his amended complaint does not state a claim, the Court may dismiss his complaint without leave to amend.

   **IT IS SO ORDERED.**

**DATED:** January 22, 2013

**IRMA E. GONZALEZ**
**United States District Judge**